UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAE JEONG LYU,<br><br>    Petitioner,<br><br>v.<br><br>ROBERT LUNA,<br><br>    Respondent. | Case No. 2:23-cv-08178-JVS-KES<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE SUMMARILY DISMISSED |

## I.

## INTRODUCTION

In September 2023, Jae Jeong Lyu ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Dkt. 1 ("Pet.").) In November 2023, the Petition was dismissed due to Petitioner's failure to pay the initial filing fee. (Dkt. 4.) On December 1, 2023, the Court received Petitioner's $5 filing fee, prompting the reopening of his case. (Dkt. 5, 6.)

Public records show from Los Angeles Superior Court ("LASC") case number BA439082 show the following.[1]  Petitioner worked as a massage therapist,

---

[1] The Court has issued a separate minute order taking judicial notice of public records relevant to this case and attaching any public records referenced in

1

and, in 2015, he was charged with four crimes arising out of a sexual assault of a massage client, Vanessa S.: sexual battery involving an unconscious person, forcible sexual penetration, forcible oral copulation, and failing to register as a sex offender. After a jury convicted him of all four charges, the trial court sentenced him to a total term of 17 years.

On appeal, the California Court of Appeal reversed his conviction for forcible sexual penetration based on the trial court's failure to instruct the jury on lesser included offenses. People v. Lyu, No. B272022, 2017 Cal. App. Unpub. LEXIS 3903, 2017 WL 2438276 (June 6, 2017). On October 18, 2017, the LASC resentenced Petitioner to a total term of 12 years in state prison followed by 6 months and 364 days in county jail.

According to Petitioner, he has been in the custody of the Los Angeles County Sheriff at the Men's Central Jail in Los Angeles ("MCJ") since April 2023. (Pet. at 2-3.) His anticipated release date is January 5, 2024. (Id.) The Petition raises multiple claims about the conditions of his confinement at MCJ.

When a new petition for writ of habeas corpus is filed, the Court "must promptly examine it," and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition…." Rule 4, Rules Governing Section 2254 and 2255 Cases.[2] However, "a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." Henderson v. Johnson, 710 F.3d 872, 873 (9th Cir. 2013) (quoting Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam)).

---

this order that are not available on Lexis.

[2] These rules are available on the Court's website at: https://www.uscourts.gov/sites/default/files/rules-governing-section-2254-and-section-2255-proceedings.pdf.

For the reasons stated below, it appears that the Petition fails to state a claim for federal habeas relief. As to all claims but Claim Four, it further appears that the pleading defect cannot be cured by amendment, because the claims are civil rights claims, not habeas claims. Nevertheless, the Court will give Petitioner an opportunity to respond to this Order and explain why he believes the Petition states a claim for habeas relief.

## II.
## CLAIMS FOR RELIEF

<u>Claim One</u>: Petitioner alleges that MCJ's Inmate Reception Center ("IRC") engages in medical malpractice and should be "shut down immediately." (Pet. at 3.) He alleges that IRC staff handcuffed him to a chair when he asked reasonable questions and confiscated a two-month supply of his medication. (<u>Id.</u>)

<u>Claim Two</u>: Petitioner alleges that MCJ must change its blankets to sheets to protect inmates from getting tuberculosis "because of the dust of cotton." (<u>Id.</u> at 4.)

<u>Claim Three</u>: Petitioner alleges that MCJ must replace hot pots with "self-filled water hot pots." (<u>Id.</u> at 5.) Petitioner is concerned that some inmates use the hot pots to heat leftover food in plastic bags, and the heated plastic "releases chemical hormones which causes cancers." (<u>Id.</u>)

<u>Claim Four</u>: Petitioner alleges that MCJ must correct its "inmate records" to reflect the correct date of his conviction. (<u>Id.</u>)

<u>Claim Five</u>: Petitioner alleges that MCJ must allow inmates to have a mirror and clock. He complains, "In dorms mirrors are installed but never maintained…." (<u>Id.</u>)

<u>Claim Six</u>: Petitioner alleges that MCJ must stop "extorting" inmates by charging such high prices at the commissary. (<u>Id.</u> at 6.)

<u>Claim Seven</u>: Petitioner alleges that MCJ must provide a safer way for inmates to dispose of used razors. After shaving, he alleges, inmates place their razors in a box, but other inmates can fish them out to reuse them, "spreading

3

hepatitis." (Id. at 6.)

<u>Claim Eight:</u> Petitioner alleges that MCJ must give inmates "milestones" when they finish general education coursework, as is done in state-run prisons. (Id. at 6.)

Petitioner alleges that he has not sought an administrative remedy for these issues, except Claim Four. (Id. at 7.) Rather, he "read the district court has [a] case for [MCJ] conditions" and thought that his "petition might help to understand the whole view of these conditions." (Id. at 7.) He is in MCJ's "mental facility," which he believes is the "most clean facility" among MCJ facilities, but he still fears getting sick. (Id. at 4.)

## III.
## LEGAL STANDARDS

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus … and a complaint under the Civil Rights Act of 1871 … 42 U.S.C. § 1983." <u>Muhammad v. Close</u>, 540 U.S. 749, 750 (2004). "Challenges to the validity of any confinement or to the particulars affecting its duration are the province of habeas corpus," while "requests for relief turning on circumstances of confinement may be presented in a § 1983 action." <u>Id.</u> When success on a petitioner's claims "would not necessarily lead to his immediate or earlier release from confinement," those claims do not fall within the "core of habeas corpus." <u>Nettles v. Grounds</u>, 830 F.3d 922, 935 (9th Cir. 2016) (en banc). If a claim "does not lie at 'the core of habeas corpus,'" then "it may not be brought in habeas corpus" and instead should be brought in a civil rights complaint. <u>Id.</u> at 934 (quoting <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 487 (1973)).

In some circumstances, a district court may convert an improperly filed habeas petition into a civil rights complaint. <u>Id.</u> at 935-36. "If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it

4

warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." Id. at 936 (quoting Glaus v. Anderson, 408 F.3d 382 (7th Cir. 2005)). Some of the consequences of conversion include:

- The filing fee in a habeas action is $5, but the filing fee in a civil rights action is $350. Even if granted leave to proceed without *pre-paying* the filing fee in a civil rights action, a prisoner plaintiff is required to pay the full amount of the $350 filing fee by way of deductions from his prison trust account. See 28 U.S.C. § 1915(b)(1).
- If, while incarcerated, a prisoner files 3 civil rights complaints that are dismissed as "frivolous, malicious, or [for] fail[ure] to state a claim upon which relief may be granted," the prisoner may not file future actions without the prepayment of filing fees "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). There are different pre-filing exhaustion requirements for habeas petitions and civil rights complaints. Before filing a habeas petition, the petitioner generally must exhaust his remedies *in state court* by filing habeas petitions. Before filing a civil rights complaint, a prisoner plaintiff generally must exhaust his *administrative* remedies by, for example, filing prison grievances. See Nettles, 830 F.3d at 932 n.8.

## IV.

## DISCUSSION

### A. Claims One, Two, Three, Five, Six, Seven, and Eight.

All of these claims complain directly about a condition of confinement at MCJ. Per the above-cited authorities, such claims must be raised in a civil rights complaint instead of a habeas petition like the one Petitioner has filed in this action.

### B. Claim Four.

Claim Four alleges in full:

5

1        I was sentenced on 4/21/16 then resentenced on 10/18/17, but the
2        jail's inmate record keeps wrong information that says I was
3        convicted on 4/12/2023.  Although I made grievance and requests
4        more than 10 times they would not change in order to keep me in the
5        probation.  I am on the parole now.  I endorsed one of the copies.

6 (Pet. at 5.)

7       It is unclear to which "inmate records" Petitioner is referring.  The Los Angeles County Sheriff's website states that Petitioner was "arrested" on April 12, 2023, with an expected release date of January 5, 2024.  See Los Angeles County Sheriff's Inmate Information Center.  But according to Petitioner, April 2023 is when he was transported from state prison to MCJ to finish the portion of his sentence to be served at a county jail.  (Pet. at 3.)

      Nothing in the Petition alleges that Petitioner is going to spend more time in custody unless the Los Angeles County Sheriff corrects its records about Petitioner's conviction date.  Petitioner the Sheriff's records seem to agree that his release date is imminent: January 5, 2024.  Without any allegation that failing to correct the error would violate federal law and extend Petitioner's time in custody, Claim Four fails to state a federal habeas claim.

**C.**     **The Petition is Not Amenable to Conversion to a Civil Rights Complaint.**

      The Petition is not amenable to conversion to a civil rights complaint for several reasons.  First, Sheriff Luna, the Respondent named in the Petition, likely would not be a proper defendant in a civil rights complaint about IRC medical care, commissary pricing, etc.  See generally Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011); Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007).

      Second, it is not clear that all of the claims are factually related.  Multiple defendants sued on factually unrelated claims might not be properly joined in one civil rights lawsuit.  See Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d

1348, 1351 (9th Cir. 1997); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Third, "Petitioner may decide he does not wish to incur the filing fee for a [civil rights] complaint that does not state a claim on its face." Solano v. California Substance Abuse Treatment Facility, No. 17-cv-2671-RGK (AGR), 2017 U.S. Dist. LEXIS 193862 at *6, 2017 WL 5640920 at *2 (C.D. Cal. Oct. 24, 2017), R&R adopted, 2017 U.S. Dist. LEXIS 193865, 2017 WL 5641027 (C.D. Cal. Nov. 21, 2017). Petitioner admits that he has not exhausted his administrative remedies for these claims through MCJ's grievance system. (Pet. at 7.) Under the Prison Litigation Reform Act, such civil rights claims must be exhausted as a prerequisite to filing a suit in district court. 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 89 (2006).

## V.

## CONCLUSION

For these reasons, the Court orders Petitioner to show cause why the Petition should not be summarily dismissed without prejudice. To discharge this order, Petitioner should do <u>one</u> of the following **before January 19, 2024**:

1. File a notice voluntarily dismissing the Petition. Such a voluntary dismissal will not prejudice Petitioner's ability to file later civil rights complaints raising these claims.

2. File a First Amended Petition omitting some claims and/or adding factual allegations to try to state a claim for habeas relief. Any amended petition should bear the same case number, 2:23-cv-08178-JVS-KES, clearly identify the alleged violation(s) of federal law, and explain why granting him relief would necessarily lead to his immediate or earlier release from confinement.

3. File a brief explaining why Petitioner disagrees with the discussion in this Order to Show Cause and alerting the Court that he intends to proceed with the Petition as drafted. If Petitioner elects this option, the Magistrate Judge may recommend that the District Judge summarily dismiss the Petition for failure to

state a federal habeas claim.

**If Petitioner fails to do one of these three things before the deadline, this action may be dismissed for failure to prosecute.**

If Petitioner is released from custody while this case is pending, he must promptly notify the Court of his new mailing address. If he fails to keep the Court informed of his current mailing address, this action may be dismissed for failure to prosecute. See Local Rule 41-6 ("A party proceeding pro se must keep the Court … informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.").

DATED: December 20, 2023

/s/ Karen E. Scott
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE